IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

_____

| | |
|---|---|
| COREY EVAN VONBERG, | ) **MEMORANDUM DECISION & ORDER** |
| | ) **DENYING HABEAS PETITION** |
| Petitioner, | ) |
| | ) Case No. 2:09-CV-1027 DB |
| v. | ) |
| | ) District Judge Dee Benson |
| STEVEN TURLEY, | ) |
| | ) |
| Respondent. | ) |

_____

Petitioner, Corey Evan Vonberg, inmate at Utah State Prison, petitions for habeas corpus relief.[1]  The Court denies him.

### BACKGROUND

A jury convicted Petitioner of four counts of forcible sodomy on a child, a first-degree felony, for which he was sentenced to four terms of ten years to life.  The convictions were affirmed by the Utah Court of Appeals.[2]  The Utah Supreme Court denied Petitioner's petition for writ of certiorari.[3]

Petitioner's petition to this Court attacks these alleged federal constitutional violations in his state-court criminal trial:  (1) Under the Sixth and Fourteenth Amendments, the trial court denied the defense the right to confront a state's witness about his withheld criminal history.  (2) The trial court deprived Petitioner of his right to due process and equal

_____

[1]*See* 28 U.S.C.S. § 2254 (2011).

[2]*State v. Vonberg*, 2008 UT App 197 (unpublished).

[3]*State v. Vonberg*, 199 P.3d 970 (Utah 2008).

protection in jury selection by asking prejudicial, improper questions as to juror views on homosexuality. (3) Ineffective assistance of counsel occurred when defense counsel (a) did not move for a mistrial after jurors heard evidence on a dismissed charge; and (b) allowed the trial court to ask, and himself asked, improper questions about homosexuality during voir dire.[4]

The State's answer to the petition correctly argues that all but the last of these grounds are procedurally defaulted. The first issue was not raised on federal constitutional grounds in the state courts, but only as an issue of state evidence law. The second issue was procedurally defaulted on appeal because no objection was raised at trial. Subpart (a) of the third issue was procedurally defaulted in the Utah Court of Appeals because of inadequate briefing.

The State further responds, again correctly, as to subpart (b) of the third issue, that Petitioner has not shown that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[5]

---

[4]In his reply to the State's answer and in letters to the Court, Petitioner appears to try to raise new arguments about facts and testimony at trial, a "fraudulent" presentencing investigation report, removing the Iron County Attorney and Judge Westfall from office, and lack of a *Miranda* warning. These issues are inappropriately raised in the reply and letters. If he wishes to further pursue the issues, Petitioner must exhaust them in the state courts and bring them in a proper habeas corpus petition. Thus, the Court does not address them further.

[5]*Id.* § 2254(d).

2

**ANALYSIS**

## I. Procedurally Defaulted Issues

This Court may not consider issues "defaulted in state court on independent and adequate state procedural grounds 'unless [the petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'"[6]

As the Court noted, the first issue--the defense's federal constitutional right to confront the state's witness--is procedurally defaulted. In state court, the issue was framed as violating state evidence law, not federal constitutional law. So, the federal constitutional issue here was never raised at trial or on direct appeal, and it is now not possible to raise it in a state-post conviction petition. After all, under Utah procedural law, a person is ineligible for post-conviction relief "upon any ground that . . . was raised or addressed at trial or on appeal; [or] could have been but was not raised at trial or on appeal," or "was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief."[7]

---

[6]*Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

[7]Utah Code Ann. § 78B-9-106(1) (2010).

And, the second issue of the trial court's questioning of jurors about homosexuality is also procedurally barred. The Utah Court of Appeals would not consider this issue's merits where Petitioner's counsel did not object during voir dire. This is because, under the doctrine of "invited error," Utah appellate courts will not address the merits of challenges to jury taint when those challenges were not made during voir dire.[8]

Finally, subpart (a) of the third issue, attacking counsel's alleged ineffectiveness in not requesting a mistrial, is procedurally defaulted. The Utah Court of Appeals would not address the merits of this challenge because Petitioner's brief violated briefing rules. Indeed, Utah's appellate rules require an appellant to provide a brief containing a "statement of the issues presented for review" and arguments incorporating "the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issues not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on."[9]

Based on the Court's review of Utah cases, these rules are "independent and adequate state procedural ground[s]" for dismissal of Petitioner's case in that they are "'strictly or regularly followed' and employed 'evenhandedly to all similar

---

[8]*Vonberg*, 2008 UT App 197, ¶ 4 (citing *State v. Lee*, 2006 UT 5, ¶ 18).

[9]Utah R. App. P. 24(a).

4

claims.'"[10]  Under the federal law outlined earlier, this Court

must therefore dismiss Petitioner's defaulted issues unless cause

and prejudice or a fundamental miscarriage of justice redeems

their default.[11]

Construing Petitioner's arguments liberally as it must, the

Court perceives Petitioner may argue both cause and prejudice and

a fundamental miscarriage of justice.  Petitioner perhaps asserts

cause and prejudice stem from ineffective assistance of counsel,

and fundamental miscarriage of justice stems from structural

error (i.e., systemic unfairness throughout his state

---

[10]*See Hamm*, 300 F.3d at 1216 (quoting *Hickman v. Sears*, 160 F.3d 1269,
1271 (10th Cir. 1998)) (quotation omitted in original); *see, e.g., Peak Alarm
Co. v. Salt Lake City Corp.*, 2010 UT 22, ¶ 67 (declining to address asserted
trial-court error when appellant's brief provided no meaningful analysis on
issue); *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶ 50 (same); *Kell v.
Utah*, 194 P.3d 913, 918 (Utah 2008) (holding post-conviction court correctly
dismissed claims that had been previously raised and rejected, or could have
been but were not raised, on direct appeal); *Gardner v. Galetka*, 151 P.3d 968,
969 (Utah 2007) (holding claim would have been procedurally barred because it
could have been brought in prior post-conviction proceeding); *State v.
Winfield*, 2006 UT 4, ¶ 18 (holding doctrine of invited error precluded
defendant from contesting on appeal jury composition when he had affirmatively
stated his acceptance of jury); *Hutchings v. Utah*, 84 P.3d 1150, 1153 (Utah
2003) (affirming dismissal of all claims that were raised, or could have been
raised, in prior proceedings); *State v. Wareham*, 772 P.2d 960, 966 (Utah 1989)
(declining to address asserted trial-court error when appellant's brief
provided no meaningful analysis on issue); *State v. Loose*, 135 P.3d 886, 889-
90 (Utah Ct. App. 2006) (holding inmate barred from bringing post-conviction
claim when issue could have been but was not raised on appeal); *State v.
Stone*, 2004 UT App 369, ¶ 5 (unpublished) (declining to consider all claims
that were raised or could have been raised at trial or on direct appeal);
*State v. Hamilton*, 2003 UT 22 (noting party invites unappealable error when
affirmatively representing to court that there is no objection); *State v.
Womack*, 967 P.2d 536, 540 n.1 (Utah Ct. App. 1998) (declining to address
asserted trial-court error when appellant's brief provided no meaningful
analysis on issue); *cf.* Utah R. Crim. P. 18(b) (stating party dissatisfied
with voir dire may seek to remove potential juror, propose other questions, or
ask court for further questioning)

[11]*See Gonzales v. Jordan*, No. 01-6415, 2002 WL 1203905, at *3-4 (10th
Cir. June 5, 2002) (unpublished).

proceedings, including judicial bias) and the merits of his substantive claims.

The Court first examines cause and prejudice, as to Petitioner's possible assertion that ineffective-assistance claims provide a path to allow this Court to address his procedurally defaulted claims on the merits. "[T]o satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules."[12] Meanwhile, to demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage.'"[13]

Petitioner has not done this, instead perhaps offering a rather circular argument about ineffective assistance. As mentioned earlier, ineffective assistance in Petitioner's criminal proceedings must have been properly raised in the state courts to qualify for federal habeas consideration. In general, ineffective assistance does not provide an excuse for not properly raising, with different counsel or pro se, ineffective assistance or any other issue on direct appeal or state habeas review. Further, any suggestion, if it exists, that ineffective

---

[12]*Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted).

[13]*Butler v. Kansas*, No. 02-3211, 2002 WL 31888316, at *3 (10th Cir. Dec. 30, 2002) (unpublished) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

assistance of counsel prejudicially hampered Petitioner in any habeas cause "is unavailing because there is no right to counsel in post-conviction proceedings."[14]

Finally, Petitioner maybe suggests that a miscarriage of justice will occur if this Court does not address his defaulted claims. To be plausible, an actual-innocence claim must be grounded on solid evidence not adduced at trial.[15] Because such evidence is so rare, "'in virtually every case, the allegation of actual innocence has been summarily rejected.'"[16] Petitioner is burdened with making "a proper showing of factual innocence."[17]

Petitioner's mere rehashing of evidence and alleged breaches of his civil rights in state proceedings does nothing to convince this Court that the exception applies. Indeed, the kernel of the Court's analysis as to actual innocence is not whether Petitioner urgently believes errors existed--or whether there were indeed errors--in the state proceedings, but whether Petitioner is factually innocent. This factual innocence must also be supported with new evidence, which Petitioner has not provided.

---

[14]*Savage v. Trani*, No. 08-1358, 2009 WL 722632, at *1 (10th Cir. Mar. 17, 2009) (citing *United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006)).

[15]*Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

[16]*Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (citation omitted)).

[17]*Byrns v. Utah*, No. 98-4085, 1998 WL 874865, at *3 (10th Cir. Dec. 16, 1998) (unpublished) (citing *Herrera v. Collins*, 506 U.S. 390, 404 (1992)).

In sum, the Court concludes that all but one of Petitioner's issues are procedurally barred. And, these issues do not qualify for consideration under the cause-and-prejudice or miscarriage-of-justice exceptions to the procedural bar. The Court thus denies Petitioner federal habeas relief on these issues.

## II. Remaining Ineffective-Assistance-of-Counsel Claim

Petitioner asserts that, during voir dire, defense counsel violated Petitioner's federal constitutional right to effective assistance of counsel by allowing the trial court to ask, and counsel himself, asking improper questions about homosexuality.

### A. Standard of Review

The standard of review applicable to federal habeas cases is found in § 2254, under which this habeas petition is filed. It states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[18]

---

[18] 28 U.S.C.S. § 2254(d) (2011).

"Subsection (d)(1) governs claims of legal error while subsection (d)(2) governs claims of factual error."[19]  Further, "a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."[20]

The Court's inquiry here begins with whether the court of appeals's rejection of Petitioner's claim "was contrary to, or involved an unreasonable application of, clearly established Federal law."[21]  The Court is not to determine whether the court of appeals's decision was correct or whether this Court may have reached a different outcome.[22]  "The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited."[23]

Under *Carey v. Musladin*,[24] the first step is determining whether clearly established federal law exists relevant to Petitioner's claims.[25]  Only after answering yes to that "threshold question" may the Court go on to "ask whether the

---

[19]*House v Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008).

[20]28 U.S.C.S. § 2254(e)(1) (2011).

[21]*Id.* § 2254(d)(1).

[22]*See Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

[23]*Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).

[24]549 U.S. 70 (2006).

[25]*House*, 527 F.3d at 1017-18.

state court decision is either contrary to or an unreasonable application of such law."[26]

> [C]learly established [federal] law consists
> of Supreme Court holdings in cases where the
> facts are at least closely-related or similar
> to the case *sub judice*.  Although the legal
> rule at issue need not have had its genesis
> in the closely-related or similar factual
> context, the Supreme Court must have
> expressly extended the legal rule to that
> context.[27]

In deciding whether relevant clearly established federal law exists, this Court is not restricted by the state court's analysis.[28]

If this threshold is overcome, this Court may grant habeas relief only when the state court has "unreasonably applied the governing legal principle to the facts of the petitioner's case."[29]  This deferential standard does not let a federal habeas court issue a writ merely because it determines on its own that the state decision erroneously applied clearly established federal law.[30]  "'Rather that application must also be

---

[26]*Id.* at 1018.

[27]*Id.* at 1016.

[28]*See Bell v. Cone*, 543 U.S. 447, 455 (2005) ("Federal courts are not free to presume that a state court did not comply with constitutional dictates on the basis of nothing more than a lack of citation."); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) ("[A] state court need not even be aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'") (citation omitted).

[29]*Walker v. Gibson*, 228 F.3d 1217, 1225 (10th Cir. 2000) (citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).

[30]*See id.*

unreacsonable.'"[31]

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."[32]

Finally, "[i]t is, of course, well settled that the fact that constitutional error occurred in the proceedings that led to a state-court conviction may not alone be sufficient reason for concluding that a prisoner is entitled to the remedy of habeas."[33] This Court must "give effect to state convictions to the extent possible under law."[34] Still, "errors that undermine confidence in the fundamental fairness of the state adjudication certainly justify the issuance of the federal writ."[35]

### B. Application of Standard of Review to Claim

Petitioner urges this Court to overturn the Utah Court of Appeals's decision that his counsel was not ineffective when he, not only did not object to the trial court's voir dire questioning of jurors about their attitudes on homosexuality, but joined in the questioning himself.

---

[31]*Id.* (quoting *Williams*, 529 U.S. at 411).

[32]28 U.S.C.S. § 2254(e)(1) (2011).

[33]*Williams*, 529 U.S. at 375.

[34]*Id.* at 386.

[35]*Id.* at 375.

Noting again that review is tightly circumscribed by the standard of review for federal habeas claims by state prisoners, this Court observes that the court of appeals selected the correct governing legal principle with which to analyze the ineffective-assistance-of-counsel issue.[36]  It is the familiar two-pronged standard of *Strickland v. Washington*[37]:  (1) deficient performance by counsel, measured by a standard of "reasonableness under prevailing professional norms"; and, (2) prejudice to the defense caused by counsel's deficient performance.[38]  The prejudice element requires a showing that errors were so grave as to rob the petitioner of a fair proceeding, with a reliable, just result.[39]

As required by the standard of review, the Court now analyzes whether the court of appeals's application of *Strickland* was reasonable.  In avaluating this issue under *Strickland*, the Utah Court of Appeals stated:

> We first consider whether defense
> counsel rendered ineffective assistance by
> not objecting when the trial court informed
> potential jurors during jury voir dire that
> it may be alleged that Defendant was
> homosexual and then questioned the jurors
> concerning their views on homosexuality.
> Defense counsel did not object when the trial

---

[36]*Vonberg*, 2008 UT App 197, at ¶¶ 2-3.

[37]466 U.S. 668 (1984).

[38]*Id.* at 687-88.

[39]*Id.*

court inquired about the jurors' views on
homosexuality.  Counsel's action could be
considered sound trial strategy because
counsel may have concluded that it was better
to ferret out a juror's bias or discomfort
before selecting the juror.  Defendant has
not shown that defense counsel's decision to
remain silent was not strategic.  Further,
even if defense counsel's actions were
somehow deficient, Defendant has not
attempted to show that any particular juror
was biased or that the result was likely to
be different but for the improper
questioning.  Instead, Defendant wishes us to
presume prejudice, as we have on one occasion
deemed appropriate.  *See State v. King*, 2006
UT App 355, ¶ 12, 144 P.3d 222 (allowing
appellate courts to "presume prejudice in
cases where it is difficult to measure the
precise effect of counsel's error," (internal
quotation marks omitted)).  We do not
consider this an appropriate case to presume
prejudice.

Defendant also argues that the trial
court committed plain error by questioning
the jury directly.  However, because counsel
did not object to the court's questions, any
error must be considered invited.  Indeed,
defense counsel participated in the court's
questioning, asking follow-up questions and
eventually passing over each of the jurors.
Defendant cannot now challenge any such
error.  *See State v. Lee*, 2006 UT 5, ¶ 18,
128 P.3d 1179.[40]

Petitioner does not even argue that the court of appeals got

this wrong.  He merely restates his belief that his attorney's

failure to object to the trial court's questioning and

participation in the questioning was per se deficient,

prejudicial performance.  He does not effectively address the

matter of possible trial strategy.  Nor does he suggest any

---

[40]*Vonberg*, 2008 UT App 197, at ¶¶ 3-4.

United States Supreme Court on-point case law exists that is at odds with the court of appeals's result. And, this Court's review of Supreme Court case law reveals none.[41]

Based on *Strickland*, the court of appeals was right to analyze Petitioner's failure to assert an argument regarding the requisite prejudice prong, and, on that basis, reject his ineffective-assistance-of-counsel claim. This Court is therefore not at all persuaded that the court of appeals's application of relevant Supreme Court precedent was unreasonable.

## CONCLUSION

All but one of Petitioner's challenges are procedurally barred and do not qualify for exceptional treatment. His

remaining ineffective-assistance-of-counsel claim does not overcome the federal habeas standard of review.

---

[41]*See, e.g., Bell v. Cone*, 535 U.S. 685, 698, 702 (2002) (stating "defendant must overcome the 'presumption that, under the circumstances, the challenged action "might be considered sound trial strategy"'" and "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight") (citations omitted).

**IT IS THEREFORE ORDERED** that this habeas corpus petition under § 2254 is **DENIED.** This case is **CLOSED**.

DATED this 15 day of February, 2011.

BY THE COURT:

_____
DEE BENSON
United States District Judge